THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN CONNELL,<br><br>Defendant. | CASE NO. CR15-0120-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for early termination of supervised release (Dkt. No. 1178). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

On September 17, 2015, Defendant pled guilty to one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. (Dkt. No. 309.) On June 7, 2016, the Court sentenced Defendant to 24 months of incarceration to be followed by five years of supervised release. (Dkt. No. 764.) On May 8, 2018, Defendant admitted to a number of drug-related violations of the terms of his supervised release. (*See* Dkt. Nos. 1093, 1094, 1096.) The Court revoked Defendant's term of supervised release and imposed a 60-day term of confinement to be followed by four years of supervised release. (Dkt. No.

ORDER
CR15-0120-JCC
PAGE - 1

1096.)

On or around June 27, 2018, Defendant was released into the community on his new term of supervised release. (*See* Dkt. No. 1179 at 2.) Defendant now moves for early termination of his present term of supervised release. (Dkt. No. 1178.) In support of his motion, Defendant asserts that he has completed eight months of intense out-patient drug treatment and has maintained steady employment as a prep cook at 13 Coins restaurant since July 2018. (*See* Dkt. Nos. 1179 at 2, 1179-1, 1179-2.) He also states that he has a stable residence, does not have any unpaid financial obligations to the Court, and has a good relationship with his probation officer. (*See* Dkt. No. 1179 at 2.) Defendant states that "it is my feeling that I no longer need the court's support in order to lead a law-abiding, drug-free life." (*Id*.) The Government opposes Defendant's motion. (Dkt. No. 1180.)

## II. DISCUSSION

The Court may terminate a term of supervised release after the completion of one year and "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In deciding whether early termination is appropriate, the Court must consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes, the need to provide the defendant with correctional treatment in the most effective manner, and the need to avoid disparity among similarly situated defendants. 18 U.S.C. § 3583(e) (citing to factors listed by 18 U.S.C. § 3553(a)); *United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014).

The Court has considered the § 3553(a) factors in light of Defendant's case and concludes that early termination of supervised release is not warranted at this juncture. The Court emphasizes several factors. Defendant's underlying criminal conduct was serious, as it centered around his role in a substantial drug trafficking operation. (*See* Dkt. Nos. 1, 753, 756.) And Defendant's history on supervised release, particularly his conduct leading to the revocation of

his original term, weighs against the early termination of his present term. (*See* Dkt. Nos. 1093, 1094, 1096.) Finally, while the Court commends Defendant for his progress during his second term of supervised release and encourages him to continue his positive conduct, his compliance with the terms of his supervised release are not sufficient at this juncture to merit early termination. *See United States v. Bauer*, 2012 WL 1259251, slip op. at 2 (N.D. Cal. 2012) (collecting cases). Therefore, in consideration of all of the 18 U.S.C. § 3553(a) factors, the Court finds that early termination is not in the interests of justice.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for early termination of supervised release (Dkt. No. 1178) is DENIED.

DATED this 23rd day of December 2019.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE